UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN J. VERBURG et al.,

        Plaintiffs,

v.

WELTMAN, WEINBERG &
REIS CO., L.P.A. et al.,

        Defendants.
_____/

Case No. 1:13-cv-1328

HON. ROBERT J. JONKER

<u>BRIEF IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE</u>

Trial in this action will be confined to the issues of bona fide error and damages. All other issues have been resolved in favor of the Plaintiffs, either by Defendants' admissions or by the Court's order for partial summary judgment. Plaintiffs move for an order barring Defendants from introducing evidence or argument that they are not liable for violation of the Fair Debt Collection Practices Act because they were mistaken as to the requirements of Michigan law governing garnishments. Plaintiffs submit that, as a matter of law, mistakes of state law cannot be the basis for a claim of bona fide error under 15 U.S.C. § 1692k(c). Plaintiffs also move for an order barring Defendants from introducing other evidence or argument that their violations of the FDCPA should be excused for bona fide error because Defendants have disclosed no information indicating that they maintained procedures reasonably adapted to avoid those violations.

**1.    Mistakes of state law cannot be the basis for a claim of bona fide error under 15 U.S.C. § 1692k(c).**

The bona fide error defense does not apply to errors of law regarding the FDCPA. *Jerman*

1

*v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 604-05 (2010) ("We therefore hold that the *bona fide* error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute.") Rather, the bona fide error defense applies to clerical or factual errors. "[T]he broad statutory requirement of procedures reasonably designed to avoid 'any' bona fide error indicates that the relevant procedures are ones that help to avoid errors like clerical or factual mistakes." *Id.* at 587. 559 U.S. 573 (2010).

Although the Supreme Court did not reach the question of whether the bona fide error defense can apply to misinterpretations of state law, as that question was not before the Court, *Id.* at 581, n. 4, the rationale in *Jerman* strongly indicates that the bona fide error defense does not apply to errors of state law. The Court cited "the general rule that mistake or ignorance of the law is no defense" *Id.* at 581, and that rule applies equally to state laws. The Court noted that the requirement for "procedures reasonably adapted to avoid any such error" is more adapted to avoid factual errors rather than errors in legal reasoning.

> We draw additional support for the conclusion that bona fide errors in § 1692k(c) do not include mistaken interpretations of the FDCPA, from the requirement that a debt collector maintain "procedures reasonably adapted to avoid any such error." The dictionary defines "procedure" as "a series of steps followed in a regular orderly definite way." Webster's Third New International Dictionary 1807 (1976). In that light, the statutory phrase is more naturally read to apply to processes that have mechanical or other such "regular orderly" steps to avoid mistakes--for instance, the kind of internal controls a debt collector might adopt to ensure its employees do not communicate with consumers at the wrong time of day, § 1692c(a)(1), or make false representations as to the amount of a debt, § 1692e(2). *Id.* at 587.

Finally, the Court stated that "any remaining doubt about the proper interpretation of § 1692k(c) is dispelled by evidence that Congress copied the FDCPA's bona fide error defense

from a parallel provision in an existing statute," *Id.* at 588, the Truth in Lending Act which has been interpreted as limited to clerical errors.

The Sixth Circuit suggested that the Supreme Court's discussion equally applies to mistakes of state law. "The Supreme Court declined to address whether the defense is available for mistakes of law other than the FDCPA itself, *id.* at 580 n.4, but the discussion of the affirmative defense makes clear that mistakes of state law can give rise to liability." *Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 713 (6th Cir. 2015).

Other courts have recognized that claims of mistake as to state law as a bona fide error cannot be squared with the holding in *Jerman*. Multiple cases decided after *Jerman* hold that the bona fide error dose not apply to errors of state law: *Moxley v. Pfundstein*, 2012 WL 4848973 (N.D. Ohio Oct. 11, 2012) (attached as Exhibit A); *McDermott v. Marcus , Errico, Emmer & Brooks, PC.,* 911 F. Supp. 2d 1, 82 (D. Mass 2012).

The court's rationale in *Ballou v. Law Offices Howard Lee Schiff, P.C.*, 713 F. Supp.2d 79, 82 (D. Conn. 2010) is typical:

> Although the Supreme Court explicitly stated that its holding did not apply to mistakes of state law or federal law other than the FDCPA, *id*. at 1611 n. 4, the reasoning of *Jerman* would seem to apply to all mistakes of law. Nonetheless, the Court need not decide whether Jerman covers all mistakes of law since prior Second Circuit precedent holds that a mistake of law is not a defense.

*See also Hamid v. Stock & Grimes, LLP*, No. 11-2349, 2012 WL 2135502, at *2 (E.D. Pa. June 12, 2012) (attached as Exhibit B), wherein the court held that a claim of mistake as to the applicable state law statute of limitations could not qualify as a bona fide error under the FDCPA:

> The Supreme Court has ruled that § 1692k(c) applies only to "factual or clerical errors"

3

and not to a debt collector's mistaken interpretation of the legal requirements of the FDCPA. See *Jerman v. Carlisle, McNellie, Rini, Kramer, & Ulrich LPA*, __ U.S. __, __, __, 130 S.Ct. 1605, 1611, 1614, 176 L.Ed.2d 519 (2010). S&G contends that *Jerman* did not address whether a bona fide error defense applies to a mistaken interpretation of a state or federal law, such as the statute of limitations issue here, that would affect a proceeding under the FDCPA. Although S & G is correct in this regard, the FDCPA clearly does not excuse any legal mistakes in connection with a lawsuit under the FDCPA. The Supreme Court in its decision cited with approval "the common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally." *Id*. at 1606-07 (citing *Barlow v. United States,* 32 U.S. 404, 7 Pet. 404, 8 L.Ed. 728 (opinion for the Court by Story, J.) (1833)). That maxim applies here. S & G's error concerning the statute of limitations was not clerical or factual. Thus, S & G is not protected by the bona fide error defense under § 1692k(c).

*Accord New v. Gemini Capital Grp.,* 859 F. Supp.2d 990, 998 (S.D. Iowa 2012):

Defendants also assert the "bona fide error" defense, 15 U.S.C. § 1692k(c), which applies to mistakes of fact, but not incorrect interpretations of the requirements of the FDCPA. *Jerman*, 130 S. Ct. at 1624. Although the specific question before the Court in *Jerman* was whether an incorrect interpretation of the FDCPA qualifies as a bona fide error, the Court discussed mistakes of law generally, and its reasoning encompasses mistakes of state law. *Id*. Thus, mistakes of state law are not bona fide errors protected by § 1692k(c). *See id.*

Finally, *Harden v Autovest, L.L.C.,* No. 1:15-cv-34, 2016 WL 6997905 (W.D. Mich. Nov. 30, 2016) (attached as Exhibit C), provides the most comprehensive judicial discussion of the issue to date. Following citation to the various courts that have opined on the issue since the Supreme Court's decision in *Jerman,* Judge Bell ruled as follows:

The Court is persuaded that the bona fide error defense does not extend to mistakes of state law. In [J*erman*], the Supreme Court gave several reasons for its holding that a mistake in what is required by the FDCPA is not subject to the bona fide error defense. Among them are: (1) "the 'common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally"; (2) "when Congress has intended to provide a mistake-of-law defense to civil liability, it has often done so more explicitly than [in the FDCPA]"; (3) violations of the FDCPA need not be "willful," "a term more often understood in the civil context to excuse mistakes of law"; (4) the aspect of the bona-fide error defense requiring "procedures reasonably adapted to avoid any such error" is "more naturally read to apply to processes that have mechanical or other such 'regular orderly' steps to avoid mistakes," but "legal reasoning is not a mechanical or strictly linear process"; (5) "the uniform interpretations of three Courts of Appeals

4

holding that the TILA defense[, which is identical to the bona-fide error defense in the FDCPA,] does not extend to mistakes of law"; (6) concern that "nonlawyer debt collectors could obtain blanket immunity for mistaken interpretations of the FDCPA simply by seeking the advice of legal counsel"; and (7) concern that "consumers will have little incentive to bring enforcement actions 'where the law [i]s at all unsettled, because in such circumstances a debt collector could easily claim bona fide error of law.' " [*Jerman*], 559 U.S. at 581-603 (citations omitted). All of these reasons also apply to mistakes of state law. The Supreme Court did not, as Autovest suggests, distinguish errors in interpretation of the FDCPA from errors of state law. Rather, the Court held that the issue of errors of state law was not before the Court. *Id.* at 580 n.4. Thus, the reasoning in [*Jerman*] is consistent with the conclusion that a mistake of state law is not a bona fide error.

*Id.* at *2-3.

**2.      Defendants cannot show that their taxation of costs for unsuccessful or not yet successful garnishments was not intentional.**

The first prong of the bona fide error defense requires the debt collector to show "that the violation was not intentional." 15 U.S.C. § 1692k(c). The Court in *Jerman* discussed at length the question of whether it is the action or the violation that must not be intentional. Justice Sotomayor's opinion for the Court concluded that an act can be intentional, for purposes of civil liability, even if the actor lacked knowledge that the conduct violated the law. "Our law is therefore no stranger to the possibility that an act may be 'intentional' for purposes of civil liability, even if the actor lacked actual knowledge that her conduct violated the law." *Jerman* at 582-83. It is not disputed that Defendants intentionally taxed costs for unsuccessful or not yet successful garnishments, even if Defendants did so under an erroneous belief that the act was justified. ("[I]f one intentionally interferes with the interests of others, he is often subject to liability notwithstanding the invasion was made under an erroneous belief as to some . . . legal matter that would have justified the conduct") *Id.* at 583.

**3.   Defendants have disclosed no evidence that they maintained procedures reasonably adapted to avoid their violations of the FDCPA.**

Fed. R. Civ. P. 37(c)(1) states:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

The bona fide error defense is an affirmative defense on which the debt collector bears the burden of proof. *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1034 (6th Cir. 1992). The debt collector must show, by a preponderance of the evidence that (1) the violation was not intentional, (2) the violation resulted from a bona fide error, and (3) the debt collector maintained procedures reasonably adapted to avoid any such error. *Montgomery v. Shermeta*, 885 F. Supp. 2d 849, 856-57 (W.D. Mich. 2012) (citing *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 614 (6th Cir. 2009)).

Here, Defendants have failed to disclose, in their answers, responses to discovery, or even in support of their motions for summary judgment, any evidence that they maintained procedures reasonably adapted to avoid taxing the costs for unsuccessful garnishments. In their answers, Defendants simply recite the statutory language, Doc.#51, PageID.484,¶ 3, Doc.#55, PageID.587,¶ 2. When asked in discovery to produce "all the documents upon which you rely to support each affirmative defense you have raised in the lawsuit", Weltman objected and failed to produce any documents. The closest that Weltman has come to disclosing any evidence of a procedure is the affidavit of Daniel E. Best, submitted in support of Weltman's motion for summary judgment. Doc #112-1, PageID.1698 - 1704. Best attests that Weltman only requests garnishments when it has reason to believe that the garnishee is indebted to the judgment debtor

and that it "had procedures in place to record, track and, if and as appropriate, backout postjudgment garnish and costs that are not comparable pursuant to MCR 3.101 (R) or otherwise . . . . *Id.* ¶¶10,11. Best also lists the numerous garnishments that Weltman issued against the named Plaintiffs and claims that, in each case, Weltman had reason to believe that the garnishment would succeed. However, Best fails to note that, as Weltman has admitted, several of those garnishments resulted in disclosures indicating that the garnishee was not indebted to the judgment debtor but that Weltman nevertheless failed to backout the costs of those unsuccessful garnishments. Weltman does not claim that taxing the costs for those garnishments was an accident.

The procedure that Weltman advances to support its bona fide error defense assumes that Weltman was entitled to tax the costs for any garnishment as long as it had reason to believe that the garnishment eventually would succeed, but the Court has ruled that Weltman is not entitled to tax costs of a garnishment until *after* the garnishment has succeeded. Moreover, as to the named Plaintiffs as well as the class, and even after Weltman received a disclosure that a garnishment had failed, Weltman failed to back out the improperly taxed costs.

The "procedures" that Weltman has disclosed do not amount to procedures reasonably adapted to avoid the violations that the Court has already found as a matter of law. Rather, Weltman continues to argue that it was proper for Weltman to tax the costs of garnishment that were not yet successful. it would confuse the jury to allow Weltman to argue that Weltman was entitled to tax the costs for all garnishments, whether or not successful, when the Court has ruled otherwise and will undoubtedly instruct the jury consistent with its rulings.

The Midland Defendants in support of their claim to a bona fide error defense argue that

that Weltman was responsible for violating the FDCPA, that they did not control or direct Weltman's garnishment actions, and that they were entitled to rely upon Weltman following the law. Declaration of James Collins, Doc. # 110-2, PageID.1668 - 1674. That argument is foreclosed, at least for Midland Funding LLC and LVNV Funding LLC, by the Court's ruling on summary judgment, Doc. # 149, PageID.2453-2456. The Court held that those debt buyers that are debt collectors under the FDCPA are liable for the collection actions of their lawyers without regard to the degree of control they exercise over the lawyers. Although the status of Midland Credit Management, Inc. and Encore Capital Group remains at issue, that is a separate issue from bona fide error.

## CONCLUSION

Defendants have failed to provide any information that would support a bona fide error defense. Plaintiffs respectfully submit that Defendants should be barred from introducing any evidence or argument that their violations of the Fair Debt Collection Practices Act should be excused under the bona fide error defense, 15 U.S.C. § 1692k(c).

| | |
|---|---|
| Dated: August 14, 2017 | /s/ Phillip C. Rogers<br>Phillip C. Rogers (P34356)<br>Attorney for Plaintiffs<br>6140 28th Street, S.E., Suite 115<br>Grand Rapids, Michigan 49546<br>(616) 776-1176<br>ConsumerLawyer@aol.com |
| Dated: August 14, 2017 | /s/ Michael O. Nelson<br>Michael O. Nelson (P23546)<br>Attorney for Plaintiffs<br>1104 Fuller N.E.<br>Grand Rapids, Michigan 49503<br>(616) 559-2665<br>mnelson@michconsumerlaw.com |